**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION**

**CLEMENT JUSTILIEN,**

**vs.**

**Case No.: 2020-CA-3808-O**

**RCSH OPERATIONS LLC, a Foreign
Limited Liability Company,[1]**

**Defendant.**

_____/

### AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CLEMENT JUSTILIEN, ("Plaintiff"), by and through the undersigned counsel,

hereby files this Amended Complaint against Defendant, RCSH OPERATIONS LLC, a Foreign

Limited Liability Company ("Defendant"), and alleges the following:

### INTRODUCTION

1.      Plaintiff brings these claims for discrimination based on religion, race, and national

origin, as well as retaliation against Defendant in violation of Orange County Civil Rights

Ordinance, Section 22-28 ("OCCRO"), the Florida Civil Rights Act §§ 760.01-760.11, Florida

Statutes ("FCRA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended

by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII").

### JURISDICTION

2.      Plaintiff brings these claims for discrimination based on religion, race, and national

origin, as well as retaliation against Defendant in violation of OCCRO, the FCRA and Title VII,

---

[1] Plaintiff files this Amended Complaint pursuant to Florida Rule of Civil Procedure 1.190 in order to name Defendant RCSH OPERATIONS LLC, and drop RUTH'S CHRIS STEAK HOUSE FRANCHISE, LLC and add causes of action under Title VII and the FCRA.

## EXHIBIT "A"

and damages in excess of $30,000.00, exclusive of interests, costs, and attorney's fees, and is within the subject matter of this Court.

3.      Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## VENUE

4.      Plaintiff is a resident of Orange County, Florida.

5.      Defendant is and was at the time of all incidents described herein, operating in Orange County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

## PARTIES

6.      Plaintiff is an adult individual who resides in Orange County, Florida.

7.      Plaintiff is protected by OCCRO because:

      a.      He is Jewish and was subjected to discrimination based on his religion by Defendant;

      b.      He is African-American and was subjected to discrimination based on his race by Defendant;

      c.      He is Haitian and Dominican and was subjected to discrimination based on his national origin by Defendant;

      d.      Plaintiff suffered adverse employment action because of retaliation.

8.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the OCCRO.

9.      At all times material hereto, Defendant were Plaintiff's "employer" within the meaning of the OCCRO.

## SATISFACTION OF CONDITIONS PRECEDENT

10.     On or about January 3, 2020, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in violation of the FCRA and Title VII. A copy of this Charge, No. 510-2020-01634, is attached hereto as Exhibit A.

11.     The EEOC, on or about August 3, 2020, issued to Plaintiff a Notice of Right to Sue as to the Charge, attached as Exhibit B.

12.     This action is being commenced within 90 days of Claimant's receipt of the Notice of Right to Sue.

## STATEMENT OF FACTS

13.     Plaintiff is of the Jewish religious faith.

14.     Plaintiff is African-American.

15.     Plaintiff is part Haitian.

16.     Plaintiff is part Dominican.

17.     Plaintiff was hired by Defendant in February 2019.

18.     Plaintiff's job was that of a Prep and Pantry Cook.

19.     Upon his hiring, Plaintiff informed Defendant of his religious accommodation.

20.     In fact, Plaintiff wrote his bonafide religious belief on his application to work for Defendant.

21.     Plaintiff's religious accommodation request was to have Saturdays off to observe his religious faith.

22.     Initially, Defendant accommodated Plaintiff's so that he could observe his religious faith.

23.     However, over time, Defendant began asking Mr. Justilien to work Saturdays despite the conflict with his religious accommodation.

24.     Plaintiff made it clear to Defendant that he needed to observe his religion on Saturdays.

25.     In response, Defendant's Executive Chef, Aimee Hedesterom ("Hedesterom"), repeatedly threatened to terminate Plaintiff if he did not work on Saturdays.

26.     In mid to late July 2019, Mr. Justilien objected to being forced to work Saturdays citing the conflict with his bonafide religious belief.

27.     On or about July 29, 2019, was terminated by Defendant.

28.     Additionally, Plaintiff was also subjected to discriminatory treatment because of his race during his employment with Defendant.

29.     Additionally, Plaintiff was also subjected to discriminatory treatment because of his national origin during his employment with Defendant.

30.     Specifically, after hearing him speak Creole, Hedesterom said to Plaintiff, "I didn't know you were Haitian?"

31.     Plaintiff responded that he was, indeed, Haitian and Dominican.

32.     After finding out Plaintiff was Haitian, Hedesterom became even more hostile towards Plaintiff and treated him less favorably than non-Haitian employees.

33.     For example, Hedesterom threw away food that Plaintiff had cooked just to watch him remake the dish.

34.     The action in Paragraph 30 was done for no other reason than to harass Mr. Justilien.

35.     Hedesterom also banned Plaintiff from using his cell phone.

36.     However, Hedesterom openly allowed cell phones to be used by non-Haitian employees.

37.     Defendant's actions, including the failure to accommodate Mr. Justilien, were discriminatory.

38.     Defendant's actions, including terminating Mr. Justilien, were discriminatory.

39.     Defendant's actions, including terminating Mr. Justilien, were retaliatory.

## COUNT I
## FAILURE TO ACCOMMODATE IN VIOLATION OF OCCRO

40.     Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

41.     Plaintiff brings this cause of action pursuant to Section 22-4, OCCRO.

42.     Plaintiff is a member of a protected class because he is Jewish.

43.     Defendant knew that Plaintiff is Jewish at all time periods at-issue.

44.     Plaintiff had a bonafide religious belief that conflicted with an employment requirement (Defendant's weekend schedule).

45.     At all material times, Plaintiff was qualified to perform his job duties.

46.     Plaintiff requested religious accommodations from Defendant.

47.     Plaintiff's requested religious accommodations were reasonable.

48.     The religious accommodations requested would have allowed Plaintiff to perform his job duties.

49.     Defendant failed to provide Plaintiff's religious accommodation.

50.     Plaintiff was discharged for failing to comply with the conflicting employment requirement.

51.     Defendant terminated Plaintiff because of his religious accommodation requests.

52.     Defendant terminated Plaintiff because of his religion.

53.     Plaintiff's religion was a motivating factor that prompted Defendant to terminate Plaintiff.

54.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under OCCRO because it treated Plaintiff less favorably because of his religion.

55.     Defendant did not subject the non-Jewish employees to discriminatory treatment.

56.     Plaintiff suffered an adverse employment action when he was terminated.

57.     The discrimination to which Plaintiff was subjected was based on his religion.

58.     Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

59.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

61.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to OCCRO.

62.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

63.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the OCCRO;

64.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

65.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

66.     Compensatory damages;

67.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

68.     Prejudgment interest, and, if applicable, post-judgment interest;

69.     Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to OCCRO; and

70.     Provide any additional relief that this Court deems just.

## COUNT II
## RELIGIOUS DISCRIMINATION IN VIOLATION OF OCCRO

71.     Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

72.     Plaintiff brings this cause of action pursuant to Section 22-4, OCCRO.

73.     Plaintiff is a member of a protected class because he is Jewish.

74.     Defendant knew that Plaintiff is Jewish at all time periods at-issue.

75.   Plaintiff had a bonafide religious belief that conflicted with an employment requirement.

76.   At all material times, Plaintiff was qualified to perform his job duties.

77.   Defendant terminated Plaintiff because of his religious accommodation requests.

78.   Defendant terminated Plaintiff because of his religion.

79.   Plaintiff's religion was a motivating factor that prompted Defendant to terminate Plaintiff.

80.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under OCCRO because it treated Plaintiff less favorably because of his religion.

81.   Defendant did not subject the non-Jewish employees to discriminatory treatment.

82.   Plaintiff suffered an adverse employment action when he was terminated.

83.   The discrimination to which Plaintiff was subjected was based on his religion.

84.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

85.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

87.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to OCCRO.

88.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

89.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the OCCRO;

90.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

91.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

92.     Compensatory damages;

93.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

94.     Prejudgment interest, and, if applicable, post-judgment interest;

95.     Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to OCCRO; and

96.     Provide any additional relief that this Court deems just.

**COUNT III**
**RACE DISCRIMINATION IN VIOLATION OF OCCRO**

97.     Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

98.     Plaintiff brings this cause of action pursuant to Section 22-4, OCCRO.

99.     Plaintiff is a member of a protected class because he is African American.

100.    Defendant knew that Plaintiff is African American.

101.    At all material times, Plaintiff was qualified to perform his job duties.

102.    Plaintiff's race was a motivating factor that prompted Defendant to terminate Plaintiff.

103.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under OCCRO because it treated Plaintiff less favorably because of his race.

104.    Defendant did not subject the non-African American employees to discriminatory treatment.

105.    Plaintiff suffered an adverse employment action when he was terminated.

106.    The discrimination to which Plaintiff was subjected was based on his race.

107.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

108.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

109.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

110.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to OCCRO.

111.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

112.    Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the OCCRO;

113.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

114.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

115.    Compensatory damages;

116.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

117.    Prejudgment interest, and, if applicable, post-judgment interest;

118.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to OCCRO; and

119.    Provide any additional relief that this Court deems just.

## COUNT IV
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF OCCRO

120.    Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

121.    Plaintiff brings this cause of action pursuant to Section 22-4, OCCRO.

122.    Plaintiff is a member of a protected class because his national origin is Haiti and the Dominican Republic.

123.    At all material times, Plaintiff was qualified to perform his job duties.

124.    Plaintiff's national origin was a motivating factor that prompted Defendant to terminate Plaintiff.

125.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under OCCRO because it treated Plaintiff less favorably because of his national origin.

126.    Defendant did not subject the non-Haitian employees to discriminatory treatment.

127.    Defendant did not subject the non-Dominican employees to discriminatory treatment.

128.    Plaintiff suffered an adverse employment action when he was terminated.

129.    The discrimination to which Plaintiff was subjected was based on his national origin.

130.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

131.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

132.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

133.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to OCCRO.

134.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

135.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the OCCRO;

136.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

137.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

138.     Compensatory damages;

139.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

140.     Prejudgment interest, and, if applicable, post-judgment interest;

141.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to OCCRO; and

142.    Provide any additional relief that this Court deems just.

## COUNT V
## RETALIATION IN VIOLATION OF OCCRO

143.    Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

144.    Plaintiff engaged in statutorily protected activity when he requested religious accommodations.

145.    Plaintiff engaged in statutorily protected activity when he complained to management that his religious accommodations were not being granted.

146.    Plaintiff engaged in statutorily protected activity when he complained to management that he was being discriminated against because of his religion.

147.    Plaintiff suffered an adverse employment action when he was terminated.

148.    A causal connection exists between the protected activity and the adverse action.

149.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under OCCRO because it treated Plaintiff less favorably because of his complaints of religious discrimination.

150.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

151.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

152.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

153.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to OCCRO.

154.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

155.    Issue a declaratory judgment that the discrimination/retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the OCCRO;

156.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

157.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

158.    Compensatory damages;

159.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

160.    Prejudgment interest, and, if applicable, post-judgment interest;

161.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to OCCRO; and

162.    Provide any additional relief that this Court deems just.

## COUNT VI
## <u>FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA</u>

163. Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

164. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

165. Plaintiff is a member of a protected class because he is Jewish.

166. Defendant knew that Plaintiff is Jewish at all time periods at-issue.

167. Plaintiff had a bonafide religious belief that conflicted with an employment requirement (Defendant's weekend schedule).

168. At all material times, Plaintiff was qualified to perform his job duties.

169. Plaintiff requested religious accommodations from Defendant.

170. Plaintiff's requested religious accommodations were reasonable.

171. The religious accommodations requested would have allowed Plaintiff to perform his job duties.

172. Defendant failed to provide Plaintiff's religious accommodation.

173. Plaintiff was discharged for failing to comply with the conflicting employment requirement.

174. Defendant terminated Plaintiff because of his religious accommodation requests.

175. Defendant terminated Plaintiff because of his religion.

176. Plaintiff's religion was a motivating factor that prompted Defendant to terminate Plaintiff.

177. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of his religion.

178.     Defendant did not subject the non-Jewish employees to discriminatory treatment.

179.     Plaintiff suffered an adverse employment action when he was terminated.

180.     The discrimination to which Plaintiff was subjected was based on his religion.

181.     Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

182.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

183.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

184.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

185.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

186.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

187.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

188.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

189.    Compensatory damages;

190.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

191.    Prejudgment interest, and, if applicable, post-judgment interest;

192.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

193.    Provide any additional relief that this Court deems just.

## COUNT VII
## RELIGIOUS DISCRIMINATION IN VIOLATION OF THE FCRA

194.    Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

195.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S., the FCRA.

196.    Plaintiff is a member of a protected class because he is Jewish.

197.    Defendant knew that Plaintiff is Jewish at all time periods at-issue.

198.    Plaintiff had a bonafide religious belief that conflicted with an employment requirement.

199.    At all material times, Plaintiff was qualified to perform his job duties.

200.    Defendant terminated Plaintiff because of his religious accommodation requests.

201.    Defendant terminated Plaintiff because of his religion.

202.    Plaintiff's religion was a motivating factor that prompted Defendant to terminate Plaintiff.

203.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of his religion.

204.    Defendant did not subject the non-Jewish employees to discriminatory treatment.

205.    Plaintiff suffered an adverse employment action when he was terminated.

206.    The discrimination to which Plaintiff was subjected was based on his religion.

207.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

208.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

209.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

210.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

211.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

212.    Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

213.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

214.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

215.    Compensatory damages;

216.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

217.    Prejudgment interest, and, if applicable, post-judgment interest;

218.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

219.    Provide any additional relief that this Court deems just.

## COUNT VIII
## RACE DISCRIMINATION IN VIOLATION OF THE FCRA

220.    Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

221.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S., the FCRA.

222.    Plaintiff is a member of a protected class because he is African American.

223.    Defendant knew that Plaintiff is African American.

224.    At all material times, Plaintiff was qualified to perform his job duties.

225.    Plaintiff's race was a motivating factor that prompted Defendant to terminate Plaintiff.

226.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of his race.

227.     Defendant did not subject the non-African American employees to discriminatory treatment.

228.     Plaintiff suffered an adverse employment action when he was terminated.

229.     The discrimination to which Plaintiff was subjected was based on his race.

230.     Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

231.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

232.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

233.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

234.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

235.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

236.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

237.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

238.     Compensatory damages;

239.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

240.     Prejudgment interest, and, if applicable, post-judgment interest;

241.     Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

242.     Provide any additional relief that this Court deems just.

## COUNT IX
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE FCRA

243.     Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

244.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S., the FCRA.

245.     Plaintiff is a member of a protected class because his national origin is Haiti and the Dominican Republic.

246.     At all material times, Plaintiff was qualified to perform his job duties.

247.     Plaintiff's national origin was a motivating factor that prompted Defendant to terminate Plaintiff.

248. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of his national origin.

249. Defendant did not subject the non-Haitian employees to discriminatory treatment.

250. Defendant did not subject the non-Dominican employees to discriminatory treatment.

251. Plaintiff suffered an adverse employment action when he was terminated.

252. The discrimination to which Plaintiff was subjected was based on his national origin.

253. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

254. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

255. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

256. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

257. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

258.    Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

259.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

260.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

261.    Compensatory damages;

262.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

263.    Prejudgment interest, and, if applicable, post-judgment interest;

264.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

265.    Provide any additional relief that this Court deems just.

## COUNT X
## RETALIATION IN VIOLATION OF THE FCRA

266.    Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

267.    Plaintiff engaged in statutorily protected activity when he requested religious accommodations.

268.    Plaintiff engaged in statutorily protected activity when he complained to management that his religious accommodations were not being granted.

269.    Plaintiff engaged in statutorily protected activity when he complained to management that he was being discriminated against because of his religion.

270.    Plaintiff suffered an adverse employment action when he was terminated.

271.    A causal connection exists between the protected activity and the adverse action.

272.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the FCRA because it treated Plaintiff less favorably because of his complaints of religious discrimination.

273.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

274.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

275.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

276.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

277.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

278.    Issue a declaratory judgment that the discrimination/retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

279.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

280.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

281.    Compensatory damages;

282.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

283.    Prejudgment interest, and, if applicable, post-judgment interest;

284.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to the FCRA; and

285.    Provide any additional relief that this Court deems just.


## COUNT XI
## FAILURE TO ACCOMMODATE IN VIOLATION OF TITLE VII

286.    Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

287.    Plaintiff brings this cause of action pursuant Title VII.

288.    Plaintiff is a member of a protected class because he is Jewish.

289.    Defendant knew that Plaintiff is Jewish at all time periods at-issue.

290.    Plaintiff had a bonafide religious belief that conflicted with an employment requirement (Defendant's weekend schedule).

291.    At all material times, Plaintiff was qualified to perform his job duties.

292. Plaintiff requested religious accommodations from Defendant.

293. Plaintiff's requested religious accommodations were reasonable.

294. The religious accommodations requested would have allowed Plaintiff to perform his job duties.

295. Defendant failed to provide Plaintiff's religious accommodation.

296. Plaintiff was discharged for failing to comply with the conflicting employment requirement.

297. Defendant terminated Plaintiff because of his religious accommodation requests.

298. Defendant terminated Plaintiff because of his religion.

299. Plaintiff's religion was a motivating factor that prompted Defendant to terminate Plaintiff.

300. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of his religion.

301. Defendant did not subject the non-Jewish employees to discriminatory treatment.

302. Plaintiff suffered an adverse employment action when he was terminated.

303. The discrimination to which Plaintiff was subjected was based on his religion.

304. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

305. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

306.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

307.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

308.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

309.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

310.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

311.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

312.     Compensatory damages;

313.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

314.     Prejudgment interest, and, if applicable, post-judgment interest;

315.     Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII; and

316.     Provide any additional relief that this Court deems just.

## COUNT XII
## RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

317.     Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

318.     Plaintiff brings this cause of action pursuant to Title VII.

319.     Plaintiff is a member of a protected class because he is Jewish.

320.     Defendant knew that Plaintiff is Jewish at all time periods at-issue.

321.     Plaintiff had a bonafide religious belief that conflicted with an employment requirement.

322.     At all material times, Plaintiff was qualified to perform his job duties.

323.     Defendant terminated Plaintiff because of his religious accommodation requests.

324.     Defendant terminated Plaintiff because of his religion.

325.     Plaintiff's religion was a motivating factor that prompted Defendant to terminate Plaintiff.

326.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of his religion.

327.     Defendant did not subject the non-Jewish employees to discriminatory treatment.

328.     Plaintiff suffered an adverse employment action when he was terminated.

329.     The discrimination to which Plaintiff was subjected was based on his religion.

330.     Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

331.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

332.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

333.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

334.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

335.    Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

336.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

337.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

338.    Compensatory damages;

339.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

340.    Prejudgment interest, and, if applicable, post-judgment interest;

341.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII; and

342.    Provide any additional relief that this Court deems just.

## COUNT XIII
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

343.    Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

344.    Plaintiff brings this cause of action pursuant to Title VII.

345.    Plaintiff is a member of a protected class because he is African American.

346.    Defendant knew that Plaintiff is African American.

347.    At all material times, Plaintiff was qualified to perform his job duties.

348.    Plaintiff's race was a motivating factor that prompted Defendant to terminate Plaintiff.

349.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of his race.

350.    Defendant did not subject the non-African American employees to discriminatory treatment.

351.    Plaintiff suffered an adverse employment action when he was terminated.

352.    The discrimination to which Plaintiff was subjected was based on his race.

353.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

354.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

355.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

356.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

357.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

358.    Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

359.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

360.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

361.    Compensatory damages;

362.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

363.    Prejudgment interest, and, if applicable, post-judgment interest;

364.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII; and

365.    Provide any additional relief that this Court deems just.

## COUNT XIV
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII

366.    Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

367.    Plaintiff brings this cause of action pursuant to Title VII.

368.    Plaintiff is a member of a protected class because his national origin is Haiti and the Dominican Republic.

369.    At all material times, Plaintiff was qualified to perform his job duties.

370.    Plaintiff's national origin was a motivating factor that prompted Defendant to terminate Plaintiff.

371.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of his national origin.

372.    Defendant did not subject the non-Haitian employees to discriminatory treatment.

373.    Defendant did not subject the non-Dominican employees to discriminatory treatment.

374.    Plaintiff suffered an adverse employment action when he was terminated.

375.    The discrimination to which Plaintiff was subjected was based on his national origin.

376.    Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

377.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

378.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

379.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

380.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

381.    Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

382.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

383.    Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

384.    Compensatory damages;

385.    Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

386.   Prejudgment interest, and, if applicable, post-judgment interest;

387.   Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII; and

388.   Provide any additional relief that this Court deems just.

**COUNT XV**
**RETALIATION IN VIOLATION OF TITLE VII**

389.   Plaintiff realleges and adopts allegations contained in paragraphs 1-39, as if fully set forth in this Count.

390.   Plaintiff engaged in statutorily protected activity when he requested religious accommodations.

391.   Plaintiff engaged in statutorily protected activity when he complained to management that his religious accommodations were not being granted.

392.   Plaintiff engaged in statutorily protected activity when he complained to management that he was being discriminated against because of his religion.

393.   Plaintiff suffered an adverse employment action when he was terminated.

394.   A causal connection exists between the protected activity and the adverse action.

395.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of his complaints of religious discrimination.

396.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

397.   The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

398.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

399.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII.

400.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, CLEMENT JUSTILIEN, demands judgment against the Company and requests this Court award damages including:

401.     Issue a declaratory judgment that the discrimination/retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

402.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through an award of back pay;

403.     Require that Defendant make Plaintiff whole for his losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

404.     Compensatory damages;

405.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

406.     Prejudgment interest, and, if applicable, post-judgment interest;

407.    Award Plaintiff his reasonable attorneys' fees and litigation expenses against Defendant pursuant to Title VII; and

408.    Provide any additional relief that this Court deems just.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this __27th___ day of October, 2020.

Respectfully submitted,

**s/ Carlos Leach, Esq._____**
Carlos V. Leach, Esquire
FBN 0540021
THE LEACH FIRM,. P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: maugello@theleachfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __27th___ day of October, 2020, I electronically filed the foregoing with the Clerk of the Court by using the e-portal system which will send a notice of electronic filing to the following: all counsel of record.

**s/ Carlos Leach, Esq._____**
Carlos V. Leach, Esquire